UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CHARLES PURTER,** )<br>)<br>**Petitioner** )<br>)<br>v.          )<br>)<br>**MR. C. DAVIS,** )<br>)<br>**Respondent** ) | No. 3:05cv0408 AS |

*MEMORANDUM OPINION AND ORDER*

On or about July 7, 2005, *pro se* petitioner, Charles Purter, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 6, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. The easiest place to start here is with the memorandum decision entered December 8,1997 by the Court of Appeals of Indiana in an unpublished memorandum decision by Judge Robertson, concurred in by Judges Baker and Najam. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The state proceedings started in Sullivan County, Indiana where this petitioner was convicted of one count of battery. Certainly the decision of the Court of Appeals of Indiana is entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), This petitioner has the burden to rebut that presumption by clear and convincing evidence which he has failed to do.

There were further proceedings in the state trial court involving an effort to seek post-

conviction relief. The state trial court dismissed such petition on October 4, 2002, and there was an attempt to file a successive post-conviction in the state trial court on January 10, 2003 which was dismissed. There was also an unavailing effort to seek permission from the Court of Appeals of Indiana to file a successive petition, but such was denied. This petition was signed on June 29, 2005, but was not filed until August 9, 2005, and this petitioner is certainly entitled to the benefits of *Houston v. Lack,* 487 U.S. 266 (1988). The Attorney General of Indiana here argues again that the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), which became effective after a judicially-created period of grace on April 24, 1997. *See Artuz v. Bennett*, 531 U.S. 4 (2000).

Purter's petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief.

28 U.S.C. § 2244(d) states,

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run from the latest of several events. As relevant

here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). For purposes of calculating the limitation period, the Court must determine when Purter's direct criminal appeal was, or would have been, concluded, and which petitions for collateral relief tolled the statute of limitations.

Purter's original judgment of conviction became final on March 25, 1998, when the time to seek an appeal expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Purter filed a motion to correct erroneous sentence and a petition for post conviction relief. On June 10, 2002 a second abstract of judgment was entered. Therefore, he had until June 11, 2003, to file his petition for writ of habeas corpus, or a state petition for post conviction relief which would toll the statute of limitations. Purter filed another petition for post conviction relief on August 30, 2002. That petition was dismissed on October 4, 2002. Giving Purter the benefit of all doubt, his petition for post conviction relief filed on January 10, 2003, failed to toll the statute of limitations because it was found by the Indiana Court of Appeals to be an unauthorized successive petition. *See Tinker v. Hanks*, 255 F.3d 444, 445-46 (7th Cir.2001). When he filed this petition on June 29, 2005 the statute of limitations had run by at least two and one half years. Accordingly, Purter's petition for writ of habeas corpus is untimely and his claims are time-barred.

For the reasons stated, the petition is DENIED.

SO ORDERED

DATED: March 2, 2006

             S/ ALLEN SHARP
             ALLEN SHARP, JUDGE
             UNITED STATES DISTRICT COURT