UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES PURTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-408 AS |
| ) | |
| CECIL DAVIS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On March 21, 2006, Mr. Purter filed a Notice of Appeal which the court construes as a Petition for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the Barefoot standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S.at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Purter's petition was dismissed because it was not filed within the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Purter's direct appeal was completed on March 25, 1998. Due to post conviction proceedings, Mr. Purter had until June 11,

2003, within which to file a federal habeas petition. 28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). The subsequent post conviction proceeding failed to toll the statue because it was an unauthorized successive petition. He did not file this petition until June 29, 2005. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Purter had one year from the "expiration of the time for seeking (direct) review"to file his habeas petition. His petition was untimely.   In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

SO ORDERED.
ENTERED: April 25, 2006

                                                   S/ ALLEN SHARP
                                      ALLEN SHARP, JUDGE
                                      UNITED STATES DISTRICT COURT